IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:01-239-HMH |
| vs. | ) | |
| | ) | |
| Monstsho Eugene Vernon, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Monstsho Eugene Vernon's ("Vernon") motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Upon careful review of the motion, the record, and the relevant law, the court denies Vernon's motion.

On October 4, 2001, Vernon was sentenced to 482 months' imprisonment for multiple armed bank robbery and firearm offenses in violation of 18 U.S.C. § 2113(a), 18 U.S.C. § 2113(d), and 18 U.S.C. § 924(c). In his motion, Vernon states that his sentence was enhanced pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1(b)(2)(E) for brandishing a weapon. Vernon alleges that U.S.S.G. Amendment 599, when applied retroactively, prevents the court from enhancing his sentence. (Mot. Reduce Sent. 3.) Specifically, Vernon argues that

> applying the theory of Amendment 599 to [my] situation (case), by the United States Probation Officer recommending that [my] sentence be enhanced pursuant to U.S.S.G. § 2B3.1(b)(2)(E), and by the district court sentencing [me] for the 18 U.S.C. § 924(c) offense and the U.S.S.G. § 2B3.1(b)(2)(E) constituted double counting.

(Id.) "Amendment 599 clarified under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." United States v. Wills, No. 01-7725, 2002 WL 970442, at *1 (4th Cir. May 10, 2002) (unpublished) (internal quotation marks omitted). However, Amendment 599 of the U.S.S.G. became effective on November 1,

2000.  See U.S.S.G. App. C. Vol. II.  Accordingly, Amendment 599 became effective *before* Vernon was sentenced.  Therefore, he cannot obtain the "retroactive" relief he seeks under 18 U.S.C. § 3582(c)(2).  See United States v. McKinney, No. 09-5111, 2009 WL 4269684, at *1 (10th Cir. Dec. 1, 2009) (unpublished) (denying movant's motion under § 3582(c)(2) because Amendment 599 predated movant's sentencing date).  Section 3582(c)(2) applies to a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission." (Emphasis added.)  As such, Vernon's motion is denied.

Therefore, it is

**ORDERED** that Vernon's motion for a reduction of sentence, docket number 163, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>
Senior United States District Judge

Greenville, South Carolina
August 4, 2010

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within ten (10) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.