IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:01-239-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Monstsho Eugene Vernon, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's "request for relief from 'stacked' 18 U.S.C. § 924(c) charges." (Mot. Relief, ECF No. 227.) The Defendant alleges that he is entitled to relief because the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194, "generally prohibits the imposition of consecutive . . . gun charges." (Id. 3, ECF No. 227.) On April 30, 2001, the Defendant pled guilty to seven counts of bank robbery and two counts of using and carrying a firearm in relation to a crime of violence. On July 23, 2001, the Defendant was sentenced to four hundred eighty-two (482) months' imprisonment. On June 3, 2002, the United States Court of Appeals for the Fourth Circuit affirmed Vernon's sentence and conviction. See United States v. Vernon, 36 F. App'x 86, 87 (4th Cir. June 3, 2002) (unpublished).

The Defendant recognizes that the First Step Act specifically provides that the amendments to § 924(c) only "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 132 Stat. at 5222. Therefore, he is not entitled to relief under the First Step Act. However, the Defendant argues that the First Step Act provides an "extraordinary and

compelling" reason to reduce his sentence.[1] After review, the court finds no extraordinary and compelling reasons present in this case. Based on the foregoing, the Defendant's motion, docket number 227, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 23, 2019

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

---

[1] The Defendant also seeks relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. However, this rule is inapplicable to the Defendant's criminal conviction.